UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

---

| | |
|---|---|
| ANDREW RAY WHITE, ) | C/A No. 4:12-1464-JMC-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| ALAN WILSON; and WARDEN; ) | |
| ) | |
| Respondent. ) | |

Petitioner, Andrew Ray White (Petitioner/White"), is currently incarcerated at McCormick Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on June 5, 2012. Respondent filed a motion for summary judgment on October 26, 2012, along with a return, supporting memorandum, and exhibits. (Docs. #38 and 39). The undersigned issued an order filed October 29, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #41). Petitioner filed a response on December 6, 2012.

It is recommended that this action be dismissed as barred by the statute of limitations. However, the procedural history is set forth for reference purposes.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner was indicted at the July 2002 term of the Clarendon County Grand Jury for Murder and Burglary, First Degree (02-GS-14-213). He was represented on the charges by Harry L. DeVoe, Jr., Esquire. On July 9-11, 2002, Petitioner proceeded to trial and was found guilty of Burglary, First Degree and not guilty of murder. Petitioner was sentenced by the Honorable Clifton Newman to confinement for a period of thirty (30) years.

A timely Notice of Appeal was filed on White's behalf and an appeal was perfected. In this appeal, the Petitioner was represented by Tara Taggart of the South Carolina Office of Appellate Defense. On January 6, 2004, A "Final Anders Brief of Appellant" and petition to be relieved as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967) was filed. In this Anders brief, counsel Taggart raised as the sole arguable ground: "whether the trial judge erred in failing to grant a directed verdict where there was insufficient evidence to convict." On February 13, 2004, the Petitioner made an "Appellant's Pro Se Supplement and Amended Brief to Counsel's Submitted Anders Brief." The South Carolina Court of Appeals affirmed Applicant's conviction and sentence pursuant on Anders. *State v. White*, Op. No. 04-UP-410 (S.C. Ct. App. filed June 24, 2004). The Petitioner made a pro se petition for rehearing on July 20, 2004. The Petition for rehearing was denied by the Court of Appeals on August 19, 2004. *State v. White*, 2002-GS-14-00213, Order Denying Petition for Rehearing (S.C. Ct.. App. August 19, 2004). A request for rehearing en banc was also denied on August 19, 2004. *State v. White*, 2002-GS-14- 00213, Order Denying Petition

for Rehearing En Banc (S.C. Ct.. App. August 19, 2004).

White subsequently filed a pro se Petition for Writ of Certiorari in the South Carolina Supreme Court in the direct appeal on September 13, 2004. Without requiring a response from the State, the South Carolina Supreme Court denied the petition by letter order on August 18, 2005. The *State v. White*, Andrew Ray, Letter Order (S.Ct.S.C. August 18, 2005). The remittitur was issued by the South Carolina Court of Appeals on August 22, 2005.

PCR ACTIONS

White subsequently filed an application for post-conviction relief (PCR) on September 21, 2005. App.p. 370-375. *White v. State*, 2005-CP-14-443. In the application he asserted that he received ineffective assistance of counsel at trial because the state failed in its burden of proof to show the element of "nighttime" and that he entered the residence, asserting the state had only shown burglary in the send degree "at most." App.p. 371. The State filed its Return on February 23, 2006. App.p. 377-379. The Petitioner, through counsel Charles Brooks made an amended application on April 26, 2006, asserting that appellate counsel was ineffective "in that the appellate attorney should have throughly reviewed the transcript to determine other appellate issues..." App.p. 375-376.

An evidentiary hearing was convened on October 24, 2006, at the Sumter County Courthouse, at which the Applicant was present and represented by Charles T. Brooks, III, Esquire. Ashley A. McMahan, Assistant Attorney General of the South Carolina Office of the Attorney General, represented the Respondent. The Applicant testified on his own behalf at the PCR hearing. App.p. 386-394. Also testifying was the Applicant's trial counsel, Harry L. DeVoe, Jr., Esquire. App.p. 394-400. At the conclusion of the hearing, Judge Paula Thomas took the matter under

advisement. App.p. 403. The Honorable Paula H. Thomas denied and dismissed Applicant's application by written Order on January 8, 2007. The Applicant did not perfect an appeal from the denial of his PCR application. On August 23, 2007, the Supreme Court of South Carolina issued an order dismissing the appeal "due to the failure of petitioner to timely serve and file the notice of appeal in the matter." App.p. 412.

The Petitioner made a second PCR application, *White v. State*, 2007-CP-14-437, on August 27, 2007. App.p. 413- 418. In this second action, he asserted that "counsel for the Applicant in the last Post-conviction relief action docketed at 2005-CP-14-443, failed to file a Notice of Appeal from the Order of Dismissal filed January 17, 2007." App.p. 415. On September 19, 2007, the Honorable Clifton Newman, presiding judge entered a consent order for *Austin v. State*, 305 S.C. 453 (1991) review due to PCR counsel's misinterpretation of Rule 227 ( C ) SCACR. App.p. 419-420.

Based on the Order of September 19, 2007, Petitioner filed an appeal. In the appeal, the Petitioner was represented by Katherine H. Hudgins of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. On December 10, 2008, counsel filed a Petition for Writ of Certiorari and Petition for Writ of Certiorari Pursuant to *Austin v. State*. In the Petition for Writ of Certiorari, the Petitioner raised the following question:

> Did the post conviction relief judge correctly find that petitioner is entitled to a belated review of his previous post conviction relief order?"

Petition for Writ of Certiorari, p. 2. In the Petition for Writ of Certiorari Pursuant to *Austin v. State,* he raised the following questions:

1. Did the PCR judge err in refusing to find counsel ineffective for failing to request that the judge charge the jury with the lesser included offense of burglary second degree?

> 2. Did the PCR judge err in refusing to find counsel ineffective for failing to file a motion to reconsider sentence?

Petition for Writ of Certiorari Pursuant to *Austin v. State*, p. 2. The Respondent, through Assistant Attorney General Mary Williams, made a Return to the Petition for Writ of Certiorari Pursuant to *Austin v. State* on March 16, 2008. On March 16, 2008, counsel for Respondent also made a letter waiver of a Return to the Petition for Writ of Certiorari. On August 6, 2009, the Supreme Court of South Carolina entered an Order granting Petitioner a belated review of Judge Thomas' order pursuant to *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991) and dispensed with further briefing on that matter. The South Carolina Supreme Court denied the petition for writ of certiorari from Judge Thomas's January 8, 2007, Order denying postconviction relief. On August 25, 2009, the Supreme Court of S.C. issued its remittitur.[2]

On January 22, 2010, the Petitioner filed another application for post-conviction relief. *White v. State*, 2010-CP-14- 039. In his 2010 application, he alleged "subject matter jurisdiction ;

---

[2] Petitioner filed an application for post-conviction relief on August 27, 2007. *White v. State*, 07-CP-14-437. Although Judge Newman had issued the order addressing this issue, the records reveal that Respondent made a Return and Motion to Dismiss on February 6, 2008, recognizing the existence of the August 27, 2007, order and the pending appeal from the original order. The state moved to dismiss this application as successive because of the intervening appeal from the Newman and Thomas orders. On February 11, 2008, the Honorable George C. James issued a Conditional Order of Dismissal. *White v. State*, 07-CP-14- 437, Conditional Order of Dismissal (James C.A.J., February 15, 2008). The Petitioner made a pro se "Motion and Conditional Order of Dismissal, Applicant's Motion and Response" on April 8, 2008. On April 18, 2008, Judge James signed a "Final Order of Dismissal" which was entered on April 21, 2008. *White v. State*, 07-CP-14-437, Final Order of Dismissal (James C.A.J., April 21, 2008). The Petitioner attempted an appeal from the April 21, 2008, dismissal. On June 26, 2008, the Supreme Court of South Carolina entered an "Order of Dismissal" pursuant to SCACR Rule 227(C), because the Petitioner failed to provide an explanation as to why the circuit court's determination was improper. *White v. State of South Carolina*, Order of Dismissal (S.Ct.S.C. June 26, 2008). The remittitur was issued on July 14, 2008.

inconsistent conjoined - indictment; elements are the same; crimes occurred at same time; acquitted for murder, convicted of burglary in first degree. Application, p. 2. The Respondent through Assistant Attorney General Mary Williams made a Return and Motion to Dismiss on June 22, 2010. *White v. State*, 2010-CP-14- 039, Return and Motion to Dismiss ( June 22, 2010). In this return, Respondent asserted that the entire application should be dismissed as successive under S.C. Code Ann. 17-27-90 and *Aice v. State*, 305 S.C. 448, 409 S.E.2d 392 (1991). On June 30, 2010, Judge George James entered a Conditional Order of Dismissal concluding the 2010 application should be dismissed as successive and time-barred. *White v. State*, 2010-CP-14- 039, Conditional Order of Dismissal (James, June 30, 2010). The Petitioner made a pro se Response to the Conditional Order dated July 6, 2010 asserting that he could raise subject matter jurisdiction any time. *White v. State*, 2010-CP-14-0039, Pro Se Response to Conditional Order (July 6, 2010). On September 27, 2011, a Final Order of Dismissal was entered by the Honorable W. Jeffrey Young on September 20, 2011. *White v. State*, 2010-CP-14-0039, Final Order (Young, September 20, 2011). The Petitioner next made a Rule 59 Motion on October 21, 2011. The Respondent made a Return to the Rule 59 Motion through Assistant Attorney General Robert Corney. On November 22, 2011, Judge Young entered a written Order Denying Motion to Alter or Amend a Judgment Pursuant to Rule 59(e), SCRCP. The Petitioner filed a notice of appeal on February 4, 2012. On March 1, 2012, the Supreme Court of South Carolina entered an "Order of Dismissal" pursuant to SCACR Rule 227(C) , because the Petitioner failed to provide an explanation as to why the circuit court's determination was improper. *White v. State of South Carolina*, Order of Dismissal (S.Ct.S.C. March 1, 2012). The remittitur was issued on March 19, 2012.

## GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds:

GROUND ONE: The issue of "Subject Matter Jurisdiction" being relinquished by the court for omitting an element while instructing the jury on the law and issue of proof, seems a rather abstract consequence directly resulting form the issue of failure to submit "materiality."

GROUND TWO: The Appellant endured sufficient prejudice to warrant reversal of his conviction and sentence upon inconsistent verdicts whereas indictments were at least partially "duplicitous and multiplicitious."

GROUND THREE: The trial court erred in failing to direct a verdict in favor of Appellant when: 1) state's case was entirely circumstantial; and 2) post-verdict the Appellant was acquitted of the requisite "criminal intent offense" alleged to be contemporaneous with the offense he was convicted.

GROUND FOUR: The trial judge erred in failing to grant a directed verdict where there was insufficient evidence of first degree burglary.

GROUND FIVE: Actual innocense

GROUND SIX: Due Process violation

(Petition).

## DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The

AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[3] Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the <u>latest</u> of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

---

[3] Prior to this amendment there was no statute of limitations.  Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing.  <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

As stated under the procedural history, Petitioner was found guilty in state court and filed a direct appeal. The South Carolina Supreme Court denied the certiorari petition from the direct appeal on August 18, 2005, and Petitioner had 90 days to file a petition for writ of certiorari to the U.S. Supreme Court. Therefore, the one-year limitations period began to run 90 days after August 18, 2005, unless the period was at any time tolled. *See, e.g., Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998).

Petitioner filed a PCR application on September 21, 2005. The South Carolina Supreme Court issued an order dismissing Certiorari with the Remittitur being issued on August 25, 2009.[4] Petitioner filed this habeas petition on June 5, 2012, with a *Houston v. Lack, supra*, delivery date of May 31, 2012.

In the case of *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In *Harris*, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

*Harris*, 209 F.3d at 327.

---

[4] The PCR application filed January 22, 2010, did not act to toll the statute of limitations because it was not a "properly filed" application for state collateral relief. See 28 U.S.C. 2244(d)(2).

Petitioner did not address Respondent's argument with regard to the statute of limitations.[5] Clearly, Petitioner did not file his federal petition for writ of habeas petition within the one year time period. Hence, the instant petition is time barred and should be dismissed. Additionally, there is no evidence that warrants equitable tolling. In the case of *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed

---

[5] Petitioner filed a one page document that was entered as a response. (Doc. # 50). In this document, Petitioner asserts that he is not able to respond to the summary judgment motion of October 26, 2012, based on his education level and without the assistance of counsel. Petitioner's motion for appointment of counsel (doc. # 23) was denied on February 14, 2013.

> within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

*Id*. at 246-247.

Based on the above reasons, the petition is barred by the statute of limitations, and Respondent's motion for summary judgment should be granted.


## **CONCLUSION**

As set out above, the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #39) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.


Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 8, 2013
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

11