# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Andre Ray White, ) | |
| ) | Civil Action No. 4:12-1464-JMC |
| Petitioner, ) | |
| ) | |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| ) | |
| Alan Wilson; and Warden; ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), [Dkt. No. 60], filed on April 8, 2013, recommending that Respondents' Motion for Summary Judgment be granted in its entirety [Dkt. No. 39] and Petitioner's Petition for Writ of Habeas Corpus ("Petition") be dismissed [Dkt. No. 1]. This review is based on Petitioner's *pro se* Objections to Report and Recommendation ("Objections"), [Dkt. No. 62], filed on April 19, 2013. For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES** the Petition.

## FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts and legal standards regarding the underlying § 2254 action are set forth in detail in the Report, which the court incorporates herein by reference. The Report recommends dismissal because the action is time-barred. After the Report was filed, the Plaintiff made a timely Objections to the Report. The Objections contain test results from the SCDC Education Services relating to Petitioner's abilities in reading, language, and math.

1

## STANDARD OF REVIEW

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States c. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.

## ANALYSIS

In this case, Plaintiff's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). Petitioner's Objections are not related to the substance of the Report or the underlying claims therein. The Objections seem to relate back to Petitioner's Response to Respondents' Motion for Summary Judgment [Dkt. No. 50], which is mentioned briefly in Footnote 5 of the Report [Dkt. No. 60 p. 10]. In that Response, Petitioner asserted that he was not able to respond to the Motion for Summary Judgment because he lacked education and assistance of counsel. The tests and statements as to his education are not responsive to the Magistrate Judge's decision that the petition was untimely. Since Plaintiff failed to properly object to the Report with specificity, the court does not need to conduct a de novo review and instead must "only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." *Diamond*, 416 F.3d at 316.  The court does not find clear error and accepts the Report by the Magistrate Judge.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report [Dkt. No. 60].  It is therefore **ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus [Dkt. No. 1] in the above-captioned case is **DISMISSED** with prejudice.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
June 26, 2013

3